IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV5-1-MU

| | |
|---|---|
| CLAUDE VANCE COOLEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court upon Petitioner's letter motion, filed December 28, 2006.

On November 5, 1991, Petitioner was indicted along with three co-defendants in a four count Bill of Indictment. Count One of the indictment alleged conspiracy to possess with intent to distribute and to distribute in excess of five kilograms of cocaine. Count Four of the indictment alleged possession with intent to distribute more than five kilograms of cocaine and aiding and abetting the same. Generally, the case involved an undercover operation in which Petitioner sold approximately eight kilograms of cocaine to government agents. On April 28, 1992, after a trial by jury, Petitioner was convicted on Counts One and Four and was sentenced to life imprisonment. Petitioner directly appealed his sentence and conviction which were both affirmed by the United States Court of Appeals for the Fourth Circuit on October 18, 1993.

On April 18, 1997, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 (5:97CV71-4-MU). On May 24, 2001, this Court entered an Order dismissing Petitioner's

Motion to Vacate. Petitioner also filed a motion to expurgate pursuant to 28 U.S.C. § 2241 arguing that his sentence and conviction must be vacated because this Court lacked jurisdiction to indict, convict, and sentence him under 21 U.S.C. §§ 841 or 846. This Court construed Petitioner's filing as a motion to vacate and dismissed it as successive (5:04CV64-1-MU).

Petitioner has now filed a motion pursuant to 18 U.S.C. § 3661 arguing that this Court should reduce his sentence because this Court erroneously enhanced his sentence using predicate state offenses and because he received ineffective assistance of counsel.

Petitioner's present motion is an attempt to circumvent the strictures of the Antiterrorism and Effective Death Penalty Act's (AEDPA) successive provisions. Petitioner may not avoid the limitations on successive motions to vacate merely by labeling his filing a motion pursuant to 18 U.S.C. § 3661.[1] Petitioner's motion is more properly characterized as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255, and the Court will treat it as such.[2] However, as Petitioner is well aware,[3] under AEDPA "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255 (1997). Therefore, because Petitioner has already filed a motion to vacate with this Court (5:97CV71), Petitioner must first certify his motion with the Fourth Circuit Court of Appeals before he can file his successive

---

[1] The Court notes that 18 U.S.C. § 3661 does not provide an independent basis for a motion.

[2] This Court finds that the Court of Appeals for the Fourth Circuit's decision in <u>United States v. Emmanuel</u>, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike in the <u>Emmanuel</u> case, this would not be Petitioner's first § 2255 motion. <u>Id.</u> at 650 (no notice required where recharacterization has no adverse impact on movant).

[3] On May 25, 2004, this Court dismissed a 2004 motion to vacate by Petitioner as successive (5:04CV64).

motion in the District Court.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion Pursuant to 18 U.S.C. § 3661 is construed as a motion to vacate and **DISMISSED without prejudice** as successive**.**

Signed: January 8, 2007

Graham C. Mullen
United States District Judge