IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV5-1-MU

| | |
|---|---|
| CLAUDE VANCE COOLEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court upon Petitioner's letter Motion to Reconsider, filed January 19, 2007. For the reasons stated below, Petitioner is directed to excise all successive claims from his Motion to Reconsider. Plaintiff's failure to do so will result in his entire Motion to Reconsider being treated as a successive application.

On November 5, 1991, Petitioner was indicted along with three co-defendants in a four count Bill of Indictment. Count One of the indictment alleged conspiracy to possess with intent to distribute and to distribute in excess of five kilograms of cocaine. Count Four of the indictment alleged possession with intent to distribute more than five kilograms of cocaine and aiding and abetting the same. After trial by jury on April 28, 1992, Petitioner was convicted on Counts One and Four. Petitioner directly appealed his sentence and conviction; both were affirmed by the Fourth Circuit Court of Appeals on October 18, 1993.

Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 (5:97CV71-4-MU) on April 28, 1997. The same was dismissed by Order of this Court on May 24, 2001. Petitioner

next filed a Motion to Expurgate pursuant to 28 U.S.C. § 2241 arguing that his sentence and conviction must be overturned since this Court lacked jurisdiction to indict, convict, and sentence him under 21 U.S.C. §§ 841 and 846. On May 25, 2004, this Court construed Petitioner's filing as a Motion to Vacate and dismissed it as successive. (5:04CV64-1-MU).

Petitioner then filed a motion pursuant to 18 U.S.C. § 3661 arguing that this Court should reduce his sentence because this Court erroneously enhanced his sentence using predicate state offenses and because he received ineffective assistance of counsel. Noting that § 3661 does not provide an independent basis for a motion and that claims directly attacking a conviction or sentence were most properly construed as a § 2255 Motion, this Court construed Petitioner's motion as a Motion to Vacate and dismissed it as successive. Petitioner then filed this Motion to Reconsider on January 19, 2007.

In his Motion to Reconsider, Petitioner argues that this Court improperly characterized his § 3661 Motion as a § 2255 Motion to Vacate. This claim alleges a defect in the collateral review process and is properly raised in a Motion to Reconsider. However, Petitioner also raises substantive arguments in his Motion to Reconsider. In United States v. Winestock, 340 F. 3d 200, 207 (4th Cir. 2003), the Fourth Circuit stated that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." When, as here, the Rule 60(b) Motion to Reconsider contains claims subject to the requirements for successive applications as well as cognizable claims under Rule 60(b), "the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application." Id.

In accordance with the Fourth Circuit's decision in <u>Winestock</u>, this Court will afford Petitioner an opportunity to delete the improper claims from his Motion to Reconsider. If Petitioner chooses not to take such action, this Court will construe Petitioner's entire Motion to Reconsider as a successive application.

**IT IS HEREBY ORDERED** that within <u>15 days of the date of the filing of this Order</u> Petitioner must delete all improper claims from his Motion to Reconsider. If Petitioner fails to take such action, this Court will treat Petitioner's entire Motion to Reconsider as a successive application.

Signed: July 17, 2007

Graham C. Mullen
United States District Judge