IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV86-1-MU

| | |
|---|---|
| **CLAUDE VANCE COOLEY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner's Amended Motion to Reconsider (Doc. No. 6), filed July 30, 2007. For the reasons stated below, the Court construes Petitioner's Amended Motion to Reconsider as a § 2255 application and dismisses it as successive.

On November 5, 1991, Petitioner was indicted along with three co-defendants in a four count Bill of Indictment. Count One of the indictment alleged conspiracy to possess with intent to distribute and to distribute in excess of five kilograms of cocaine. Count Four of the indictment alleged possession with intent to distribute more than five kilograms of cocaine and aiding and abetting the same. After trial by jury on April 28, 1992, Petitioner was convicted on Counts One and Four. Petitioner directly appealed his sentence and conviction; both were affirmed by the Fourth Circuit Court of Appeals on October 18, 1993.

Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 (5:97CV71-4-MU) on April 28, 1997. The same was dismissed by Order of this Court on May 24, 2001. Petitioner next filed a Motion to Expurgate pursuant to 28 U.S.C. § 2241, arguing that his sentence and conviction must be overturned since this Court lacked jurisdiction to indict, convict, and sentence

him under 21 U.S.C. §§ 841 and 846. On May 25, 2004, this Court construed Petitioner's filing as a Motion to Vacate and dismissed it as successive. (5:04CV64-1-MU).

Petitioner then filed a motion pursuant to 18 U.S.C. § 3661, arguing that this Court should reduce his sentence because this Court erroneously enhanced his sentence using predicate state offenses and because he received ineffective assistance of counsel. Noting that § 3661 does not provide an independent basis for a motion and that claims directly attacking a conviction or sentence were most properly construed as a Motion to Vacate, this Court construed Petitioner's Motion as a Motion to Vacate and dismissed it as successive.

Petitioner filed a Motion to Reconsider on January 19, 2007. In his Motion to Reconsider, Petitioner argued that this Court improperly characterized his § 3661 Motion as a Motion to Vacate. The Court determined that Petitioner had raised a claim alleging a defect in the collateral review process that was properly raised in a Motion to Reconsider. However, Petitioner also raised substantive arguments. Pursuant to United States v. Winestock, 340 F. 3d 200, 207 (4th Cir. 2003), this Court directed Petitioner to remove all substantive arguments from his Motion to Reconsider or have his Motion treated as a successive Motion to Vacate subject to summary dismissal. In response, Petitioner filed the instant Amended Motion to Reconsider.

Although in his Amended Motion to Reconsider Petitioner states that he has removed all claims directly challenging his conviction or sentence, Petitioner has once again raised substantive arguments. Instead of arguing that this Court improperly characterized his § 3661 Motion as a Motion to Vacate, Petitioner proceeds to argue that the Court enhanced his sentence using predicate state sentences from before the cut-off date of 1984, in violation of 21 U.S.C. §§ 841 through 845. Despite this Court's clear warning that any attempts to raise substantive

2

arguments in his Amended Motion to Reconsider would subject that motion to summary dismissal, Petitioner again tries to re-argue the merits of his criminal sentencing. This Court has no choice but to construe Petitioner's Amended Motion to Reconsider as a Motion to Vacate and dismiss it as successive.

**IT IS HEREBY ORDERED** that Petitioner's Amended Motion to Reconsider (Doc. No. 6) is construed as a Motion to Vacate, Set Aside, or Correct Sentence and is **DISMISSED** without prejudice as successive.

Signed: August 8, 2007

Graham C. Mullen
United States District Judge